IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS JAVIER RIOS,

    Petitioner,

vs.                                                                                                  No. CIV 25-1009 JB/GJF

STATE OF TEXAS, & THE
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF TRANSFER

**THIS MATTER** comes before the Court on: (i) the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed October 14, 2025 (Doc. 1)("Petition"); and (ii) the Petitioner's Amended Petition Under 28 U.S.C. § 2241, filed November 3, 2025 (Doc. 2)("Amended Petition"). Petitioner Carlos Javier Rios is a Texas State prisoner and is proceeding pro se. See Amended Petition at 2. Rios challenges his immigration detention under 8 U.S.C. §§ 1226(c) and 1231(a)(6), and seeks a bond hearing. See Petition ¶ 1, at 1; Amended Petition ¶ 4, at 1. The Petition's caption refers to the United States District Court for the Western District of Texas. See Petition at 1. Rios instead mails the pleading, however, to this Court, i.e., the United States District Court for the District of New Mexico. See Petition at 2. Rios has not served the Respondents, as the case is still in the screening phase, during which courts conduct sua sponte review of habeas corpus petitions. See Habeas Corpus Rule 4.

Before examining the merits of Rios' claims, the Court evaluates whether the District of New Mexico is the proper venue for this proceeding. See Johnson v. Christopher, 233 Fed. App'x 852, 854 (10th Cir. 2007)(analyzing improper venue and noting that "the district court has

discretion" to evaluate the matter on screening).[1]  A petitioner must bring any challenge under § 2241 to the legality of his custody as an immigration detainee in the federal district of the prisoner's incarceration.  See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  Jurisdiction over § 2241 petitions "lies in only one district: the district of confinement."  Al-Pine v. Richerson, 763 F. App'x 717, 720 (10th Cir. 2019)(quoting Rumsfeld, 542 U.S. at 443).  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").

Accordingly, Rios may seek habeas corpus review of his confinement only in the federal district where he is incarcerated.  The Wallace Unit of the Texas Department of Criminal Justice in Colorado City, Texas, incarcerates Rios.  See Complaint and Amended Complaint; https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03868859 (site last visited November 19, 2025).  Colorado City is located in Mitchell County, Texas, within the Northern

---

[1] Johnson v. Christopher, 233 Fed. App'x 852, 854 (10th Cir. 2007), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Johnson v. Christopher, 233 Fed. App'x 852, 854 (10th Cir. 2007), Al-Pine v. Richerson, 763 F. App'x 717, 720 (10th Cir. 2019), Craig v. United States, 844 Fed. App'x 96 (10th Cir. 2021), and Faulkenburg v. Weir, 350 Fed. App'x 208, 210 (10th Cir. 2009), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

District of Texas. See 28 U.S.C. § 124(a) ("The Northern District comprises seven divisions," and the "Abilene Division comprises the counties of . . . Mitchell . . . ."). The United States District Court for the Northern District of Texas therefore must resolve the petition.

District Courts may sua sponte consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. See Johnson v. Christopher, 233 Fed. App'x 852, 854 (10th Cir. 2007)(concludes that, "[t]o be sure, the district court has discretion . . . to transfer [an inmate's] case" sua sponte). To determine whether a transfer is in the interest of justice, courts consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). See Faulkenburg v. Weir, 350 Fed. App'x 208, 210 (10th Cir. 2009)(applying the same factors to a transfer). The claims here are not time-barred; "there is no statute of limitations for petitions invoking § 2241." Craig v. United States, 844 Fed. App'x 96 (10th Cir. 2021). Rios' allegation that he is improperly being held in immigration custody may survive initial review. While Rios directs his concerns to New Mexico regarding an underlying New Mexico DWI conviction, see Petition at 1, rather than the district of confinement, this mistake is a common one for pro se litigants. The Court therefore sees no evidence of bad faith.

For these reasons, a transfer is in the interest of justice. The Court transfers this case to the United States District Court for the Northern District of Texas, Abilene Division. The Northern District may ask Rios to file his claims on the proper § 2241 form, which asks for more information, and pay the five-dollar habeas filing fee in that Court. For convenience, and to the

extent Rios wants a copy of relevant forms, the Court directs the District of New Mexico Clerk's Office to mail him a blank § 2241 form and a blank in forma pauperis application. Rios must return any further § 2241 forms to the Northern District of Texas, Abilene Division.

Rios states that he also seeks monetary damages under 42 U.S.C. § 1983 for his mother's wrongful death. If Rios seeks to raise a civil, not habeas, claim based on events occurring in New Mexico, he must file a separate proceeding under 42 U.S.C. § 1983 in the District of New Mexico. See Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)(that § 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights"). The Court directs the Clerk's Office also to mail Rios a blank § 1983 complaint form.

**IT IS ORDERED** that the Clerk's Office shall: (i) transfer this matter to the United States District Court for the Northern District of Texas, Abilene Division; (ii) mail the Petitioner a blank 28 U.S.C. § 2241 form and a blank in forma pauperis application; (iii) mail the Petitioner a blank 42 U.S.C. § 1983 complaint; and (iv) close the pending case in the United States District Court for the District of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Carlos Javier Rios
Colorado City, Texas

    *Petitioner pro se*